**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| LAURA K. CAMPBELL, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; JEFFERSON CAPITAL SYSTEMS, LLC, | Defendants |

Consolidated Case No. 4:19-cv-179-JM

| | |
|---|---|
| JEANNETTE WELCH, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants |

Consolidated Case No. 5:19-cv-105

| | |
|---|---|
| LILLIE BROWNLEE, on behalf of herself and all others similarly situated, | Plaintiff |
| v. | |
| MICHAEL A. JACOB, II; JACOB LAW GROUP, PLLC; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC. | Defendants |
| . | |

Consolidated Case No. 4:19-cv-208

BETTY JOHNSON, on behalf of herself and all
others similarly situated,                                                                          Plaintiff

v.

MICHAEL A. JACOB, II; JACOB LAW
GROUP, PLLC; MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT, INC.                                      Defendants.

Consolidated Case No. 4:19-cv-267

**ORDER**

Pending is the motion to compel arbitration and to strike class allegations of Plaintiff Lillie Brownlee filed on behalf of Defendants Midland Funding LLC and Midland Credit Management, Inc. (collectively "Midland"). (Docket # 41). Defendants Michael A. Jacob, II and Jacob Law Group, PLLC ( collectively "JLG") have joined the motion and filed a supporting brief. (Docket # 56 and 57). Plaintiff has filed a response and Defendants have filed replies. For the reasons stated herein, the motion is GRANTED.

Plaintiff Brownlee filed this action alleging that Defendants Michael A. Jacob, II, Jacob Law Group, PLLC ("JLG") and Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") attempted to collect consumer debts from her and putative class members through standardized, form debt collection complaints filed in Arkansas state courts that fraudulently and falsely averred that Midland Funding LLC "holds in due course a claim. . . pursuant to a defaulted Synchrony Bank credit card account." Plaintiff asserts that Midland is not a holder in due course of Synchrony Bank accounts and that this representation violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §1692 et seq. and the Arkansas Fair Debt Collection Practices Act ("AFDCA"), Ark. Code Ann. §17-24-501 et seq.

2

On or about March 27, 2015, Plaintiff Brownlee opened a Synchrony JC Penny credit card account with an account number ending in 6793. ("the Account"). A letter containing the credit card and the cardholder agreement was mailed to her. Plaintiff made purchases using the credit card. Plaintiff failed to make the required payments on the Account and on April 2, 2017, the account was charged-off.

The Cardholder Agreement is governed by Utah law and contains the following arbitration provision ("the Arbitration Provision"):

**RESOLVING A DISPUTE WITH ARBITRATION**

**What claims are subject to arbitration.**
1. If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you or any other user of your account, and us, our affiliate, agents and/or J.C. Penny Corporation Inc. if it relates to your account, except as noted below.
2. We will not require you to arbitrate: (1) any individual case in small claims court or your states equivalent court, so long as it remains an individual case in that court; or (2) a case we file to collect money you owe us. However, if you respond to the collection lawsuit by claiming any wrongdoing, we may require you to arbitrate
3. Notwithstanding any other language in this section, only a court, not an arbitrator, will decide disputes about the validity, enforceability, coverage or scope of this section or any part thereof (including, without limitation, the next paragraph of this section and/or this sentence). However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not the court, to decide.

**No Class Actions**

**YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION. ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDERWO IS NOT AN ACCOUNTHOLDER ON YOUR ACOUNT, AND YOU AGREE THAT ONLY ACCOUNTHOLDERS ON YOUR**

**ACCOUNT MAY BE JOINED IN A SINGLE ARBITRATION WITH ANY CLAIM YOU HAVE . . . .**

The Arbitration Provision also contains the following language in bold and all capital letters: "PLEASE READ THIS SECTION CAREFULLY, IF YOU DO NOT REJECT IT, THIS SECTION WILL APPLY TO YOUR ACCOUNT, AND MOST DISPUTES BETWEEN YOU AND US WILL BE SUBJECT TO INDIVIDUAL ARBITRATION. THIS MEANS THAT: (1) NEITHER A COURT NOR A JURY WILL RESOLVE ANY SUCH DISPUTE; (2) YOU WILL NOT BE ABLE TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING; (3) LESS INFORMATION WILL BE AVAILABLE; AND (4) APPEAL RIGHTS WILL BE LIMITED."  Plaintiff does not claim to have rejected the Arbitration Provision.

In May 2017, Midland Funding LLC purchased the Account from Synchrony as part of a portfolio of charged-off debts. Synchrony "transfer[red], s[old], convey[ed], grant[ed], and deliver[ed] to [Midland Funding LLC], its successors and assign, . . . the Account." (ECF #41-1, p. 14). Synchrony assigned to Midland Funding LLC all of its rights, title and interest in Brownlee's Account. (ECF #53 p. 9). Defendants argue that the assignment of Synchrony's right, title, and interest in the Account was expressly contemplated by the Cardholder Agreement which states: "**Assignment.** We may sell, assign or transfer any or all of our rights or duties under this Agreement or your account, including our rights to payments. We do not have to give you prior notice of such action. You may not sell, assign or transfer any of your rights or duties under this Agreement or your account." (ECF #41-2, p. 7). Defendants argue this assignment included the assignment of the right to arbitration. Defendants move to compel arbitration and to strike the class allegations. Plaintiff disputes that the right to arbitration was transferred to Midland and opposes Defendants' motion.

Section 2 of the Federal Arbitration Act (FAA) states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects a liberal federal policy favoring arbitration. *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Because "arbitration is a matter of contract,....courts must rigorously enforce arbitration agreements according to their terms," *American Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotations and citation omitted), including requirements to pursue claims through individual arbitration. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

When presented with matters outside the pleadings, the Eighth Circuit Court of Appeals has concluded that a motion to compel arbitration can be properly analyzed under Rule 56 of the Federal Rules of Civil Procedure. *City of Benkelman, Nebraska v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the

5

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Plaintiff does not dispute that the arbitration provision is valid, she is bound to it, and her claims fall within its scope. Relying in large part on *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019) Plaintiff argues that the right to enforce the arbitration provision was not assigned to Midland and neither Midland or JLG have the right to require arbitration. In *Lamps Plus*, the Supreme Court held that the FAA bars a court order compelling class arbitration if the arbitration agreement is ambiguous about the availability of class arbitration Emphasizing the difference between class wide arbitration and individual arbitration the Court concluded that the statue requires more than ambiguity to ensure that the parties "actually agreed to arbitrate on a classwide basis." Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1415 (2019) ("Class arbitration is not only markedly different from the 'traditional individualized arbitration' contemplated by the FAA, it also undermines the most important benefits of that familiar form of arbitration. (citations omitted). The statute therefore requires more than ambiguity to ensure that the parties actually agreed to arbitrate on a classwide basis.") The Court does not agree, as argued by Plaintiff, that the holding in *Lamps Plus* precludes the assignment of the agreement to arbitrate in this case.

The Cardholder agreement originally entered between Plaintiff and Synchrony specifically provided that Synchrony could sell, assign or transfer any or all of its rights under the agreement without notice to the Plaintiff of such action. Synchrony sold and transferred its rights under the agreement to Midland Funding. That included the right to arbitration. Further, pursuant to the Forward Flow Account Purchase Agreement, Synchrony sold and Midland Funding bought "all right (including the right to legally enforce, file suit, collect, settle or take

6

any similar action with respect to such Account), title and interest in and to the Accounts." (ECF #53, p. 9). Plaintiff agreed that Synchrony could sell or assign its rights in the Agreement. Synchrony did just that by assigning it rights to Midland Funding. Accordingly, Midland Funding stands in the shoes of Synchrony and both Midland Funding and MCM as its affiliate may enforce the arbitration provision of the Agreement. ("If either you or we make a demand for arbitration you and we must arbitrate any dispute or claim between you or any other user of your account and us, our affiliate, agents and/or J.C. Penny Corporation Inc. if it relates to your account. . . .) (ECF #41-2, p. 7). *See, Clemons v. Midland Credit Mgmt., Inc.*, 2019 WL 3336421, at *4 (D.N.J. July 25, 2019)( Finding that "Comenity sold all of its rights under the agreement to Midland [Funding, LLC]. This caused Midland to substitute for Comenity in [the arbitration] provision, with MCM [Midland Credit Management, Inc.] serving as Midland's affiliate. Thus, MCM is one of the "Parties Subject to Arbitration." The failure of the "Parties Subject to Arbitration" provision to refer expressly to assignees is not a legal bar to an otherwise valid assignment."). See also, *Lance v. Midland Credit Mgmt, Inc*., 2019 WL 1318542, *6 (E.D. PA, Mar. 22, 2019) and *Sunridge Development Corp. v. RB&G Engineering, Inc*., 230 P. 3rd 1000, 1003 (2010). (In Utah, it is "well recognized that the assignee stands in the shoes of the assignor." )(citations and quotations omitted).

JLG may compel arbitration because the Plaintiff agreed to arbitrate any claims against "between you or any other user of your account and us, our affiliate, agents and/or J.C. Penny Corporation Inc. if it relates to your account." As stated above, Midland Funding stands in the shoes of the Synchrony by virtue of the assignment of the Agreement. Midland Funding, its affiliate, MCM and JLG as an agent of Midland in the collection of the debt are all entitled to enforce the terms of the Arbitration Provision. These defendants' right to enforce the terms of

the Arbitration Provision includes the right to enforce the Class Action prohibition. *See, May v. Midland Funding, LLC*, 595 B.R. 894, 903 (E.D. Ark, 2019)( enforcing a class action waiver contained in an arbitration provision, stating "[t]his court must respect the parties' valid and voluntary agreement to waive class actions. . . .")

For these reasons, Defendants' motion to compel arbitration and to strike Plaintiff's class allegations is GRANTED, . The Court will administratively terminate Plaintiff Lillie Brownlee's cause of action in this consolidated case and in her individual case No. 4:19CV00208, pending the arbitration of the claims herein.

IT IS SO ORDERED this 26th day of August, 2019.

_____
James M. Moody Jr.
United States District Judge